UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
INES GARCIA,                                          :
                                                      :   **MEMORANDUM DECISION AND**
                                        Plaintiff,    :   **ORDER**
                                                      :
                      - against -                     :   21-cv-4495 (BMC)
                                                      :
COMMISSIONER OF SOCIAL SECURITY,   :
                                                      :
                                        Defendant.    :
-------------------------------------------------------- X

**COGAN**, District Judge.

1.      Plaintiff seeks review of a decision of the Commissioner of Social Security,

following a hearing before an Administrative Law Judge, that she is not disabled as defined in

the Social Security Act and its regulations for the purpose of receiving disability insurance

benefits under Title II of the Act and supplemental security income benefits under Title XVI of

the Act.  Despite finding severe impairments of heart palpitations; status post-implantation of

loop recorder; atrial fibrillation; status post-ablation; hypertension; and bipolar disorder, the ALJ

found that plaintiff had sufficient residual functional capacity to perform light work (20 C.F.R. §

404.1567(b)) except, among other things, that she could perform simple tasks that involve only

occasional changes in the workplace, make simple work-related decisions, and have only

occasional interaction with the public.

2.      In the instant proceeding, plaintiff challenges only those findings of the ALJ

related to her mental health impairment.  Specifically, plaintiff contends that the ALJ should not

have found the medical source statement of her treating physician, psychiatrist Dr. Sherley

Millet, "not persuasive."  Dr. Millet had treated plaintiff for about two months before she gave

that statement.  In it, Dr. Millet reported that plaintiff has manic and depressive episodes during

which she experiences isolation, helplessness, lack of energy, and insomnia.  Dr. Millet noted

that because of plaintiff's heart condition, any amount of stress could make her decompensate

mentally.  The statement also opined that plaintiff had no useful ability to concentrate or pay

attention and was further impaired by her bipolar medication, which sedates her.  From this, Dr.

Millet concluded that plaintiff would have a poor ability to follow work rules; relate to co-

workers; deal with the public; interact with supervisors; deal with stress; and carry out even

simple job instructions.

3.      The main reason why the ALJ discounted Dr. Millet's opinion was Dr. Millet's

statement that plaintiff had "a moderate level of functional impairment due to chronic mental

health problems" – the ALJ cited that statement at least five times in his decision to show how it

contradicted the severity of the rest of Dr. Millet's medical source statement.  The ALJ also

found that:

> Her providers noted that medications significantly helped her symptoms. The
> record also demonstrates periods of noncompliance with medications and doctor
> recommendations, which is not consistent with allegations of disabling symptoms.
> Her doctor's [Dr. Millet] notes that she had a moderate level of functional
> impairment is also inconsistent with disabling symptoms. While the claimant has
> impairments that cause functional limitations, her statements do not call for
> further restrictions than those included in the above residual functional capacity.

4.      Plaintiff argues that the ALJ effectively cherry-picked the record by focusing on

Dr. Millett's "moderate level of functional impairment" in Dr. Millet's report while "completely

ignor[ing] the 'poor' rating in the very same note… ."  Plaintiff is wrong.  The ALJ did not

ignore the "poor" ratings.  He specifically noted that according to Dr. Millet, plaintiff "had a

poor ability to understand, remember, and carry out job instructions"; "a poor ability to interact

with supervisors, coworkers, and the public"; and "a poor ability to maintain attention and

direction and concentration."  What the ALJ was saying, however, was that Dr. Millet's findings

2

were inconsistent with her overall finding that plaintiff has "a moderate level of functional impairment."  They were.  The ALJ was justified in discounting Dr. Millet's opinion because of this inconsistency.

5.      The ALJ pointed to other inconsistencies in Dr. Millet's treatment notes and additional evidence in the case that undercut the severity of her medical source statement. Plaintiff herself, on her Function Report, stated that she did not have any problems getting along with others – yet Dr. Millet classified her ability to do that as "poor."  The ALJ noted that plaintiff's prior psychiatrist, Dr. David Szuster, made a somewhat less severe assessment of plaintiff's impairment: good judgment; intact to limited insight; and intact to poor impulse control.  Dr. Millet herself found that plaintiff had a fair ability to use judgment and behave in an emotionally stable way.  All of that is consistent with the ALJ's assessment of a "moderate" impairment that left plaintiff able to perform light work with restrictions.

6.      Other portions of Dr. Millet's treatment notes also showed a mixed bag: "During this 3-month period, pt. demonstrated slow but steady progress in reaching MH objectives.  In particular, pt. showed moderate improvement in establishing [sic] impulsiveness.  On the other hand, pt. showed difficulties in mastering irritability and in overcoming racing thoughts, some of which is attributable to increase in environmental stressors."

7.      As the Commissioner also points out, there are additional indications in the record supporting the ALJ's conclusion.  First, when plaintiff applied for benefits, she didn't say anything about having any mental impairments.  Nor did she seek any mental health treatment until a year into her alleged onset date.  She told Dr. Szuster that she had mental problems dating back to 2000.  Putting aside the fact that there is no direct evidence in the record of her having received treatment for those problems, she raised a son as a single mother and worked as a

waitress for 11 years.  Dr. Szuster's treatment is overall consistent with a moderate impairment. Plaintiff was consistently depressed, but Dr. Szuster also found her with good attention, concentration, and judgment; generally normal speech; and intact memory, thought content, insight, and impulse control.  When Dr. Szuster reminded plaintiff she needed to start therapy, she told him she was too busy with other medical issues and family responsibilities.

8.      In sum, there was substantial evidence by which the ALJ could find plaintiff capable of performing light work with restrictions.  He did not err in discounting Dr. Millet's medical source statement, both because of its internal inconsistency and the other evidence in the record.  Accordingly, plaintiff's motion for judgment on the pleadings is denied and the Commissioner's motion for judgment on the pleadings is granted.

**SO ORDERED.**

_____
Brian M. Cogan
U.S.D.J.

Dated: Brooklyn, New York
          August 25, 2023